(December 16, 1898.)

## FAIRCHILD v. ADA COUNTY.

[55 Pac. 654.]

INQUEST—CORONER—PHYSICIAN.—When a physician or surgeon has been subpoenaed and ordered by a county coroner, under the provisions of section 8379 of the Revised Statutes, to inspect the body of a deceased person, and to give to the coroner's jury his professional opinion as to the cause of death, the reasonable value of his services in making the inspection is a charge against the county, under the provisions of section 2161 of the Revised Statutes, and acts amendatory thereof, defining what claims are charges against a county.

SAME—AUTOPSY.—If, in such case, an autopsy is necessary to ascertain the cause of death, and such autopsy is made by a physician or surgeon under the provisions of said section 8379 of the Revised Statutes, he is entitled to recover from the county the reasonable value of his services in making such *post mortem* examination.

SAME—WHAT COMPENSATION PHYSICIAN IS ENTITLED TO.—A physician or surgeon is not entitled to the compensation aforesaid on the ground that he is an expert witness, but for the work and labor necessary in the examination of the body, in order to prepare himself to give an intelligent opinion to the jury of the cause of the death of the deceased.

LIABILITY OF COUNTY—AUTHORITY OF CORONER.—The coroner is not authorized to make a contract as to the sum the county shall pay in such cases. And the board of county commissioners should only allow the reasonable value of such services.

(Syllabus by the court.)

APPEAL from District Court, Ada County.

Frank Martin, for Appellant.

Section 8384 gives to coroners the authority to issue warrants of arrest. Coroners holding inquests exercise judicial functions. The coroner's court is a court of record, of which the coroner is judge. (*People v. Devine,* 44 Cal. 458; 4 Am. & Eng. Ency. of Law, 176, and cases cited; *County of Northampton v. Innes,* 26 Pa. St. 157; *Pueblo County Commrs. v. Marshall,* 11 Colo. 84, 16 Pac. 838; *Alleghany Co. v. Shaw,* 34 Pa. St. 301; *Boislemere v. County Commrs.* 32 Mo. 375; *Kempner v. Pulaski County,* 64 Ark. 139, 41 S. W. 50.) We think that, without any statutory authorization, coroners holding inquests by reason of the judicial functions, and general powers with which they are clothed, charged to use all necessary means to determine the cause of death, have full power to employ a physician at the expense of the county, to make a *post mortem* examination, and this view, in our opinion, is supported by the weight of authority. (*County of Alleghany v. Shaw,* 34 Pa. St. 301; *St. Francis County v. Cummings,* 55 Ark. 419, 18 S. W. 461; *Dearborn Co. v. Bond,* 88 Ind. 102; *County v. Innes,* 26 Pa. St. 156; *Jameson v. Board of Commrs.,* 64 Ind. 530; *Moser v. Boone Co.,* 91 Iowa, 359, 59 N. W. 39;

*Commonwealth v. Harman*, 4 Pa. St. 269.) The principle seems well established that when there is a statute authorizing a certain service, the county is liable to pay a just compensation for that service, notwithstanding that the statute does not fix or provide the compensation. (*Ravenscraft v. Board of Commrs.*, 5 Idaho, 178, 47 Pac. 944; *People v. Supervisors of Albany*, 28 How. Pr. (N. Y.) 25; *Hull v. Washington County*, 2 Greene (Iowa), 473; *Anderson v. Shoshone County*, ante, p. 76, 53 Pac. 105.) A coroner holding an inquest has the authority to order a *post mortem* examination, at the public charge, whenever he deems it necessary, in order to ascertain the cause of death,.and the physician or surgeon so employed is employed by the county, and is entitled to a reasonable compensation from the county for his services. (*Alleghany County v. Shaw*, 34 Pa. St. 302; *St. Francis County v. Cummings*, 55 Ark. 419, 18 S. W. 461; *Commissioners v. Harman*, 4 Pa. St. 269; *Boislemere v. Commissioners*, 32 Mo. 375; *Lang v. Board of Commrs. of Perry County*, 121 Ind. 134, 22 N. E. 667; *Christie v. Sonoma County*, 60 Cal. 164; *Sherman v. Supervisors*, 30 How. Pr. (N. Y.) 180; *County v. Innes*, 26 Pa. St. 156; *Kempner v. Pulaski County*, 64 Ark. 139, 41 S. W. 50; *Alleghany County v. Watt*, 3 Pa. St. 462; *Dearborn County v. Bond*, 88 Ind. 102; *Gaston v. Board of Commrs.*, 3 Ind. 498; *Clark County v. Kerstan*, 60 Ark. 508, 30 S. W. 1046; *Moser v. Boone County*, 91 Iowa, 359, 59 N. W. 39; *Jameson v. County Commrs.*, 64 Ind. 524.)

R. E. McFarland, Attorney General, and E. J. Dockery, for Respondent.

It is a wise and practically universal rule that county officers cannot bind the county unless the statutes clothe them with such power. When municipal authorities of a city act under an authority derived from a statute, they must follow strictly its provisions. (*Gloss v. Ashbury*, 49 Cal. 571.) No order made by a board of supervisors is valid or binding unless authorized by law. (*Linden v. Case*, 46 Cal. 171; *People v. Supervisors of El Dorado Co.*, 11 Cal. 170; *Branch Turnpike Co. v. Supervisors of Yuba Co.*, 13 Cal. 190; *Trinity County v. McCammon,*

25 Cal. 117; *Sutro v. Pettit,* 74 Cal. 332, 5 Am. St. Rep. 442, 16 Pac. 7.) The legislature of this or any other state of which we have any knowledge has not clothed its petty officers with the dangerous power of swamping a county with debt, and where the statute does not expressly provide for the payment of an obligation incurred by an officer, the courts will not imply the duty to pay. (*Frandzen v. San Diego County,* 101 Cal. 317, 35 Pac. 897.)

SULLIVAN, C. J.—The appellant commenced this suit in the probate court of Ada county to recover $125 for services rendered at the request of the coroner of said county in making an examination of the body of Philip Gregory, to ascertain the cause of death of said Gregory, and giving evidence to the coroner's jury at an inquest held by said coroner of the facts ascertained by such examination and also for performing an autopsy or *post mortem* examination on the body of one Gour, at the summons and order of said coroner, to ascertain the cause of the death of said Gour, and to give the facts found on such examination to the coroner's jury. The proper bills were made and presented to the board of commissioners of respondent county, and by said board disallowed. Thereupon this action was brought and trial had in said probate court, and judgment entered in favor of the appellant. An appeal was taken to the district court, where such appeals are tried *de novo*. The demurrer to the complaint, which was a general one, filed in the probate court, was heard by the court, and an order made overruling the same. Thereafter the cause was called for trial, when the appellant was sworn as a witness in his own behalf, and counsel for the defendant objected to any testimony that the witness might give. The grounds of the objection are not stated in the record. After argument by the respective counsel, the court directed that the order of the court theretofore made overruling the said demurrer be set aside, and an order entered sustaining said demurrer. The plaintiff declined to amend his complaint, and judgment of dismissal was entered. This appeal is from the judgment.

By sustaining the demurrer the court held that the complaint did not state a cause of action, and the only question presented

by the record is, Is the county under legal obligation to pay for the services of a physician summoned by the county coroner to appear at an inquest and make the necessary examination for the purpose of ascertaining the cause of death, and to give to the jury his professional opinion as to the cause of the death of deceased? Sections 8377 and 8378 of the Revised Statutes provide that county coroners shall hold inquests in certain cases. Section 8379 of the Revised Statutes is as follows: "Coroners may issue subpœnas for witnesses, returnable forthwith, or at such time and place as they may appoint, which may be served by any competent person. They must summon and examine as witnesses every person who, in their opinion, or that of any of the jury, has any knowledge of the facts, and may summon a surgeon or physician to inspect the body and give a professional opinion as to the cause of the death." Section 8380 of the Revised Statutes provides that witnesses may be compelled to attend and testify in inquest cases, and may be punished by the coroner for disobedience. In holding an inquest the coroner exercises judicial functions. It is well known that, in many cases where there is cause to believe that a person has met death by criminal means, a *post mortem* examination must be held to ascertain the cause of death. And, when such examination is required, the services of a physician are worth much more than where only a mere inspection of the body is necessary. Under our statutes, in such cases, the coroner, where he has jurisdiction, may summon a physician. The statute (section 8379) declares, "to inspect the body and give a professional opinion as to the cause of the death." The question arises as to the meaning of the word "inspect," as used in said section. Webster defines it to mean "to look upon; to examine for the purpose of determining quality, detecting what is wrong, and the like; to view narrowly and critically; as to inspect conduct," etc. Evidently it was contemplated by the provisions of said section that the physician or surgeon must make such an inspection of the body as would enable him to form and give a professional opinion as to the cause of death. If such opinion could not be formed from an ocular inspection of the body, then such an inspection must be made as would enable the physi-

cian to form an intelligent opinion as to the cause of death. If an autopsy is absolutely required for that purpose, then the inspection must go that far. The inquest is held for the purpose of ascertaining the cause of death, and to hold that the law is not broad enough for that purpose, when more than ocular inspection is required to prove that fact, would be most technical and absurd. The coroner is supposed to do his duty, and not to require an autopsy, unless there is some evidence tending to show that the death was caused by criminal means. In case of death by accident or disease, the county should not be put to the expense of an autopsy.

The cause of action stated in the first count of the complaint was for services rendered in inspecting the body of one Philip Gregory, and giving in evidence his professional opinion as to the cause of the death of the deceased. It is not shown whether the appellant was allowed the ordinary witness fees or not. He is not entitled to witness fees as an expert. For testifying he is entitled to only such fees as other witnesses. It appears that the board of county commissioners allowed him $5 of his claim of $25 for the inspection of said body, and if, as a matter of fact, that is all the services rendered were worth, that is all the county is liable for. It was not the intention of the law to permit the coroner to order an autopsy in every case, whether required or not, and thus create a large bill of costs against the county. It has been suggested that, if any charges are allowed in cases like that at bar, unprincipled coroners and physicians will bankrupt the counties of the state. That suggestion is of no avail, and, if that charge be true, the remedy is with the legislature. We must presume that the least officer of the county government will as faithfully keep his oath, and as conscientiously perform the duties imposed upon him by law, as the highest officer of the state. The coroner has no authority to bind the county as to what a reasonable fee shall be in such cases, and the board of county commissioners should only allow for such services their reasonable value. The judgment is reversed, and the cause remanded, with instructions to overrule the demurrer. Costs of this appeal are awarded to appellant.

Huston, J., concurs.

QUARLES, J., Dissenting.—I do not think that coroners are authorized by section 8379 of the Revised Statutes to employ a surgeon to perform an autopsy, and bind the county for the cost of same; and on that ground I dissent from the opinion in this case.